UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

ELEAZAR CATALAN, PORFIRIO VAZQUEZ-        :        Case No. 15-CV-7443
SANCHEZ, and GENARO GUTIERREZ, on behalf of   :        (DCF)
themselves and others similarly situated,        :
                                                 :
                        Plaintiffs,              :
                                                 :
        -against-                                :
                                                 :
H&H KIM CORP., HYO KIM, and KATIE CHUNG,         :
                                                 :
                        Defendants.              :

---------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE
## OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is

entered into by and between Eleazar Catalan, Porfirio Vazquez-Sanchez, and Genaro Gutierrez

(hereinafter referred to as "Plaintiffs" or "Releasors"), and H&H Kim Corp., and each of its

parent companies and any of its subsidiaries, divisions, related companies, and its predecessors,

successors, assigns, current or former employees, agents, shareholders, officers, directors and

representatives, and Hyo Kim, and Katie Chung, jointly and severally (hereinafter collectively

referred to as the "Defendants" or "Releasees").

WHEREAS, on September 21, 2015, Plaintiffs filed suit for damages titled *Eleazar*

*Catalan, Porfirio Vazquez-Sanchez, and Genaro Gutierrez, on behalf of themselves and others*

*similarly situated v. H&H Kim Corp., Hyo Kim, and Katie Chung,* in the United States District

Court for the Southern District of New York, Civil Action No. 15-CV-7443 (DCF) (hereinafter

referred to as the "Complaint"), alleging claims for, among other things, unpaid minimum wages

and overtime compensation due under the federal Fair Labor Standards Act and New York State

Labor Law; and,

WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, the Parties to this wish to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiffs' claims in the Complaint, without the time, uncertainty, and expense of further litigation;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, Plaintiffs and the Defendants hereby agree as follows:

## A.    **Settlement Payment**

1.    In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiffs the total settlement amount of Ninety-Five Thousand Dollars ($95,000.00) ("Gross Settlement Amount"), which shall be paid in accordance with the below schedule:

- First Payment (within ten (10) days of Court approval and dismissal of action): $25,000 payable as follows:

  - ➤ One check payable to Eleazar Catalan in the amount of $5,850
  - ➤ One check payable to Porfirio Vazquez-Sanchez in the amount of $5,525
  - ➤ One check payable to Genaro Gutierrez in the amount of $4,875
  - ➤ One check payable to Cilenti & Cooper, PLLC in the amount of $8,750.

- Payments 2-8: Payments two (2) through eight (8) shall commence within thirty (30) days after the First Payment, and shall be paid within thirty (30) calendar days of each other in consecutive monthly installments until the Gross Settlement is paid in full, and each monthly installment shall be paid as follows:

  - ➤ One check payable to Eleazar Catalan in the amount of $2,340
  - ➤ One check payable to Porfirio Vazquez-Sanchez in the amount of $2,210

> ➤ One check payable to Genaro Gutierrez in the amount of $1,950
> ➤ One check payable to Cilenti & Cooper, PLLC in the amount of $3,500.

2.       The settlement payments described in Paragraph A(1) shall be paid to Plaintiffs in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the parties, including but not limited to those arising from, involving, or relating to Plaintiffs' claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.  The payments set forth in Paragraph A(1) shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be received no later than the dates indicated above.

### B.       Default

In the event that the Defendants fail to make the settlement payments in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiffs shall provide notice of the default by facsimile and email to counsel for the Defendants: Alexander Granovsky, Esq., Granovsky & Sundaresh PLLC, 48 Wall Street, 11th Floor, New York, New York 10005, Facsimile (646) 417-5500, ag@g-s-law.com.  The Defendants will then have five (5) business days from the date of receipt of such notice within which to cure the default.  If the default is not cured within such time, the entire amount remaining to be paid shall become due and owing as of the 6th day following receipt of said notice, together with liquidated damages in the amount of $10,000, with interest to commence as of that date at a rate of 9% per annum on the amount remaining to be paid under this Agreement.  Plaintiffs shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including the right to move on notice to the Defendants to have judgment entered against the Defendants as a result of the

3

default, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

### C.    Wage & Hour Release by Plaintiffs

In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with Defendants and any other compensation or wages.  This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims.

### D.    Agreement To Refrain From Filing Wage and Hour Claims

Plaintiffs represent that they have not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Complaint released herewith.

4

Plaintiffs also agree that, so long as the Defendants make full payment as set forth in this Agreement, they will not bring any lawsuit or initiate any proceeding for any wage and hour claim waived in any paragraph of this Agreement, and agree, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law.

### E.    Judicial Review/Dismissal of the Complaint

Contemporaneously with the execution of this Agreement, the parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement.   The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

### F.    Response to Subpoena

Plaintiffs agree that, in the event they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise), which in any way relates to the Defendants, Plaintiffs' prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiffs will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

### G.    Representations and Acknowledgements

1.    Plaintiffs represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorneys and the attorneys for the Defendants.  Plaintiffs further represents that:

> (a) They have reviewed each and every provision of this Agreement;
>
> (b) The Agreement has been explained to them by their attorneys in their native Spanish language;
>
> (c) That this Agreement appears to them to have been written in a manner calculated to be understood by them; and,
>
> (d) They do in fact fully understand this Agreement, including the release of claims.

2.    Plaintiffs also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

3.    Plaintiffs further represent that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

### H.    Non-Admissions

1.    Plaintiffs understand that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation.  Plaintiffs understand that by entering into this Agreement, the Defendants do not acknowledge or admit in

any way that Plaintiffs' claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiffs or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2.      Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiffs have suffered any damage.  Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

**I.      Complete Agreement**

This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

**J.      Additional Terms**

1.      This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State.  The parties hereby consent to the jurisdiction of the federal and state courts within the State of New York in connection with any dispute concerning this Agreement.

2.      The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3.      Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4.      This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties.  This Agreement may not be modified orally.

**K.     Counterparts**

To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Eleazar Catalan

STATE OF NEW YORK   )
                            )ss.:
COUNTY OF NEW YORK   )

On the _16_ day of May 2016, before me personally came Eleazar Catalan to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this _16_
day of May 2016

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 20_18_

[Remainder of Page Intentionally Left Blank]

9

By: _____
Porfirio Vazquez-Sanchez

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF NEW YORK  )

On the 16th day of May 2016, before me personally came Porfirio Vazquez-Sanchez to

me known, and known to me to be the individual described in and who executed the foregoing

Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me

that he executed the same.

Sworn to before me this 16th
day of May 2016

_____
Notary Public
PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 20 18

By: _____
Genaro Gutierrez

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF NEW YORK  )

On the 16 day of May 2016, before me personally came Genaro Gutierrez to me known,

and known to me to be the individual described in and who executed the foregoing Settlement

Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he

executed the same.

Sworn to before me this 16th
day of May 2016

_____
Notary Public

PETER H. COOPER                          10
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 20 18

By: _____
                Porfirio Vazquez-Sanchez

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK  )

On the ___ day of May 2016, before me personally came Porfirio Vazquez-Sanchez to

me known, and known to me to be the individual described in and who executed the foregoing

Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me

that he executed the same.

Sworn to before me this ___
day of May 2016

_____
Notary Public

By: _____
                Genaro Gutierrez

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK  )

On the ___ day of May 2016, before me personally came Genaro Gutierrez to me known,

and known to me to be the individual described in and who executed the foregoing Settlement

Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he

executed the same.

Sworn to before me this *17*
day of May 2016

_____
Notary Public

SANDRA GUIFFRE
Notary Public, State of New York
No. 01GU6215063
Qualified in New York County
Commission Expires Dec. 16, 20*17*

10

State of New York
County of New York
Sworn to before me this *17* day
of May 2016

By:    _____
           Hyo Kim

STATE OF NEW YORK   )
                      )ss.:
COUNTY OF NEW YORK )

On the _17_ day of May 2016, before me personally came Hyo Kim to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this ___
day of May 2016


_____
Notary Public

By:    _____
           Katie Chung

STATE OF NEW YORK   )
                      )ss.:
COUNTY OF NEW YORK )

On the _17_ day of May 2016, before me personally came Katie Chung to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that she executed the same.

Sworn to before me this _17_
day of May 2016


_____
Notary Public

SANDRA GUIFFRE
Notary Public, State of New York
No. 01GU6215063
Qualified in New York County
Commission Expires Dec. 16, 2017